United States District Court
Southern District of Texas
**ENTERED**
February 20, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| SHAMEEKA L. JONES, §<br>  *Plaintiff,* §<br> §<br> §<br>vs. §<br> §<br> §<br>SECURITAS SECURITY SERVICES §<br>USA, INC., §<br>  *Defendant.* § | Case No. 4:25-cv-1726 |

### JUDGE PALERMO'S
### REPORT AND RECOMMENDATION[1]

This is an employment discrimination dispute. Pending before the Court is Defendant Securitas Security Services USA, Inc.'s Rule 12(b)(6) motion to dismiss *pro se* Plaintiff Shameeka Jones' claims, ECF No. 2,[2] and Plaintiff's motion for sanctions, ECF No. 9. Defendant argues that Plaintiff's claims should be dismissed because she failed to exhaust her administrative remedies. ECF No. 2 at 3–4. Plaintiff seeks sanctions for Defendant's alleged misrepresentations, meritless and

---

[1] On May 6, 2025, the district judge to whom this case is assigned referred all potentially dispositive motions to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b). Order, ECF No. 7. A remand is dispositive and therefore appropriate for a report and recommendation. *Altus Cmty. Healthcare, LP v. Unitedhealthcare Ins. Co.*, No. 4:24-CV-3978, 2025 WL 1004371, at *1 n.1 (S.D. Tex. Mar. 11, 2025) (citing 28 U.S.C. § 636(b)(1)(B)), *adopted sub nom. Altus Cmty. Healthcare, L.P. v. UnitedHealthcare Ins. Co.*, No. CV H-24-3978, 2025 WL 1001601 (S.D. Tex. Apr. 3, 2025).

[2] Plaintiff filed a response, ECF No. 4. Defendant filed a reply, ECF Nos. 5, 6. Plaintiff also filed a sur-reply, ECF No. 8.

misleading arguments, and generally incorrect assertions in its motion to dismiss. ECF No. 9 at 1–2.[3] Based on a *sua sponte* review of this Court's exercise of subject matter jurisdiction, the Court recommends remanding this case.

## I.   BACKGROUND

The facts are based on the allegations in the complaint.[4] Plaintiff worked for Defendant for approximately eight years. ECF No. 1-5 at 3. She suffered a work-related injury and requested to transfer into a position that would accommodate her limitations, but Defendant ignored that request and did not reasonably accommodate her. *Id.* at 4. While pregnant, she also requested a transfer to a less physically demanding post, which Defendant denied. *Id.* Defendant informed Plaintiff in November 2021 that they started her transfer, but the transfer never actually occurred. *Id.* Defendant ignored Plaintiff's follow-up attempts on her transfer and accommodation requests. *Id.* Defendant terminated Plaintiff's employment on November 16, 2023. *Id.* at 5.

Plaintiff filed a charge of discrimination ("Charge") with the EEOC on September 4, 2024. ECF No. 4 at 1. In it, she alleged her employer discriminated against her based on disability and pregnancy. ECF No. 4-1 at 5. Plaintiff then

---

[3] Defendant did not respond to this motion.

[4] All well pleaded facts are taken as true, and the complaint is construed in the light most favorable to the Plaintiff. *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 419 (S.D. Tex. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

alleged that she had workplace injury-related restrictions limiting her ability to perform her job, and she was seven months pregnant when her supervisor informed her that the transfer process had started. *Id.* Defendant received an EEOC letter regarding Plaintiff's charge, dated September 13, 2024. ECF No. 5-1 at 2. It notified Defendant that "the EEOC has received sufficient information from [Plaintiff] for the agency to regard the communication as a Charge of Discrimination," while also stating Defendant would receive notification when the EEOC received a perfected charge. *Id.* Defendant then received a formal charge notice, which Plaintiff signed on December 13, 2024. ECF No. 2-1 at 2–3. The formal charge notice alleged discrimination based on disability and retaliation, noting that Plaintiff's doctor cleared her return to work without restrictions around January 2023. *Id.* at 2. She stated her belief that she "was discriminated and retaliated against" in violation of the American with Disabilities Act ("ADA"). *Id.*

In March 2025, Plaintiff sued Defendant in Texas state court, expressly alleging disability discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA"). ECF No. 1-5 at 2, 5–6. Her state court petition—the operative complaint in this action—references the ADA and the Pregnancy Discrimination Act ("PDA"), *id.* at 4, but does not bring claims under

3

either statute. *Id.* at 5–6.[5] Defendant removed the case to federal court, basing subject matter jurisdiction on both diversity and federal question jurisdiction, ECF No. 1 at 2. Its basis for federal question jurisdiction is Plaintiff's singular mentions of the PDA and ADA. *Id.* at 3. As for diversity, Defendant points out the parties are completely diverse—Plaintiff is a citizen of Texas, Defendant is incorporated in Delaware with a principal place of business in California so it is a citizen of Delaware and California for diversity purposes—and puts forth argument that the amount in controversy facially appears to exceed $75,000. *Id.* at 4–7. After removing, Defendant filed the instant motion, arguing Plaintiff failed to exhaust her administrative remedies as to federal and state anti-discrimination law claims, or, alternatively, her claims here exceed the scope of the charge she brought to the EEOC. ECF No. 2 at 3–4.

## II.    REMAND IS APPROPRIATE BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

The Court is continuously obligated to evaluate its exercise of subject matter jurisdiction. *Sparta v. Gilbert*, No. CV H-25-185, 2025 WL 1665183, at *1 (S.D. Tex. June 11, 2025) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)). In cases that have been removed from state court, "[i]f at any time

---

[5] The PDA is not an independent statute, but rather an amendment to Title VII of the Civil Rights Act ("Title VII"). Pregnancy Discrimination Act, Pub. L. 95-555, 92 Stat. 2076, 2076. References here to the PDA are therefore simultaneously references to Title VII.

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A district court may assess subject matter jurisdiction based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Sparta*, 2025 WL 1665183, at *2 (quoting *Wolcott v. Sebellius*, 635 F.3d 757, 762 (5th Cir. 2011)). All ambiguities must be construed against removal. *Le v. Lloyds*, No. 4:25-CV-4208, 2025 WL 4063858, at *2 (S.D. Tex. Nov. 19, 2025) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)), *adopted sub nom. Le v. State Farm Lloyds*, No. 4:25-CV-04208, 2026 WL 150295 (S.D. Tex. Jan. 20, 2026).

A.   **The Court Lacks Federal Question Jurisdiction Because Plaintiff Did Not Plead Federal Law Claims.**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs are masters of their complaints, so determining that their cause of action raises a federal question is dependent upon the plaintiff's well-pled complaint. *VW Credit Inc. v. Abor*, No. 4:24-CV-01001-SDJ-AGD, 2025 WL 2701291, at *1 (E.D. Tex. Aug. 19, 2025), *adopted*, No. 4:24-CV-01001-SDJ-AGD, 2025 WL 2698125 (E.D. Tex. Sept. 22, 2025) (quoting *Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 306 (W.D. Tex. 2020) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d

674, 680 (5th Cir. 2001))).

Here, Plaintiff pled causes of action arising under the TCHRA, a state law clam. ECF No. 1-5 at 5–6. Yet, Defendant removed based on both federal question and diversity jurisdiction. ECF No. 1 at 2–3. Defendant alleged federal question jurisdiction based on Plaintiff's mention of federal statutes, including PDA and the ADA. *Id.* However, Plaintiff did not plead federal claims under any federal statutes; she brings claims for disability discrimination and retaliation only under the TCHRA.[6] ECF No. 1-5 ¶¶ 8, 11–16.

Plaintiff briefly mentions the ADA and the PDA in her petition. *Id.* at 4. That is insufficient to transform her explicit state law claims into federal claims. *Collins v. N. Park Lexus of San Antonio*, No. 5:24-CV-01409-JKP, 2025 WL 1749683, at *2 (W.D. Tex. June 24, 2025) (finding that a *pro se* plaintiff's "fleeting mention" of federal statute and the Constitution in a complaint bringing state court causes of action is insufficient to confer federal question jurisdiction) (citing *Mega Vape, LLC*, 455 F. Supp. 3d at 307 (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). While the Court is required to give her pleading liberal construction, it

---

[6] While TCHRA claims are analyzed under the same analytical framework as ADA and Title VII claims, they are still distinct theories of liability because as the Fifth Circuit has noted, federal civil rights laws are not at issue where only claims under the TCHRA are pled. *Esparza v. Advanced Network Mgmt., Inc.*, No. 24-50024, 2025 WL 764602, at *2 n.4 (5th Cir. Mar. 11, 2025) ("Aside from serving as persuasive guidance for [Plaintiff]'s TCHRA claims, federal civil-rights laws aren't at issue in this case."); *see also Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487, 487 n.1 (5th Cir. 2004) (noting that plaintiff's claims were brought under the TCHRA and stating "[t]his is a diversity action, federal civil rights law is not implicated.")

is not for the Court to decide for Plaintiff what she may have meant to plead when she pled under a particular statutory scheme. *Id.*; *VW Credit Inc*, 2025 WL 2701291, at *1 ("Because plaintiffs are masters of their complaints, any 'determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.'").

Plaintiff's sole reference to the ADA comes from her assertion of discrimination due to a workplace injury. ECF No. 1-5 at 4. In whole, she states: "After sustaining a work-related injury, I requested a transfer to a position that would accommodate my condition. My request was ignored, and I was subjected to unfair treatment instead of being provided with reasonable accommodations as required under the [ADA]." *Id.* This brief mention is insufficient to raise a claim under the ADA. *See Collins*, 2025 WL 1749683, at *2.

As for her PDA reference, Plaintiff states only that "[d]uring and after my pregnancy, I asked for a transfer to a less physically demanding post to address my health and safety concerns. However, I faced discriminatory treatment and was denied this transfer, violating my rights under the [PDA]." ECF No. 1-5 at 4. This sole reference, again, is insufficient, to raise a federal claim under the PDA. *See Collins*, 2025 WL 1749683, at *2.

Plaintiff has not pled claims under either the ADA or PDA, because she only briefly mentions them in her complaint. *See id*. Her assertions arise solely under state

law. *Esparza*, 2025 WL 764602, at *2 n.4. That is insufficient to confer federal question jurisdiction. *See Collins*, 2025 WL 1749683, at *2. Therefore, the Court does not have federal question jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**B.      The Court Lacks Diversity Jurisdiction Because Defendant Does Not Show The Amount In Controversy Is Sufficient.**

Defendant also removed based on diversity jurisdiction. ECF No. 1 at 4–7. As relevant here, diversity jurisdiction confers original jurisdiction on district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).[7] Defendant argues the amount in controversy requirement is facially apparent from Plaintiff's demand for back pay alone, because she was compensated at $12.00 per hour and an award of back pay from her last date of employment would exceed $85,000. ECF No. 1 at 5–6, 6 n.18. Alternatively, it identifies the categories of damages Plaintiff seeks as evidence of the amount in

---

[7] Diversity jurisdiction requires "complete diversity" between the two sides of a suit—in other words, all plaintiffs must all be diverse in citizenship from defendants. *See JPMorgan Chase Bank, N.A. v. Houston*, No. 4:25-CV-3245, 2025 WL 3852953, at *1 (S.D. Tex. Dec. 17, 2025) (noting the parties were "completely diverse" because the plaintiff was a citizen of Ohio and the defendants were citizens of Texas and Louisiana), *adopted*, No. 4:25CV3245, 2026 WL 30844 (S.D. Tex. Jan. 5, 2026). Here, there is complete diversity because Plaintiff is a citizen of Texas and Defendant is a citizen of both Delaware and California, based on its place of incorporation and principal place of business, respectively. ECF No. 1 at 4.

controversy. *Id.* at 6–7.

In assessing the amount in controversy requirement, courts first look to the operative complaint as it existed at the time of removal. *Aaron v. United States*, No. 4:25-CV-4218, 2026 WL 84560, at *1 (S.D. Tex. Jan. 12, 2026) (quoting *Manguno*, 276 F.3d at 723). Where the complaint does not demand a specific sum, "the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). It can do so either by: (1) "establishing that it is 'facially apparent' that the claims are likely to exceed $75,000"; or (2) "setting forth the facts in controversy that support a finding of the requisite amount." *Id.*

Here, Plaintiff's petition states that she seeks "monetary relief of $250,000 or less and non-monetary relief." ECF No. 1-5 at 3. Several Texas courts have found pleadings with identical language but unspecified amounts of damages insufficient to confer diversity jurisdiction based on the "facially apparent" standard. *See, e.g.*, *Le*, 2025 WL 4063858, at *3 (noting that the amount in controversy was not "facially apparent" even where plaintiffs sought statutory interest, exemplary damages, treble damages, and attorney's fees because the amounts were unspecified in the operative petition); *Vasquez v. Home Depot USA*, No. 7:25-CV-00039-O, 2025 WL 2816785, at *2 (N.D. Tex. Sept. 23, 2025) (finding the claim for damages of $250,000 or less

9

was, without more, insufficient to state a sum certain of damages that would demonstrate the amount in controversy from the face of the petition), *adopted*, No. 7:25-CV-00039-O, 2025 WL 2899890 (N.D. Tex. Oct. 10, 2025); *Babalola v. EAN Holdings, LLC*, No. 4:23-CV-00669-BD, 2025 WL 1907475, at *4–5 (E.D. Tex. July 10, 2025) (holding that because the plaintiff's petition did not seek a specific amount and offered limited details on his claimed damages, the court was unable to find it "facially apparent" that the amount in controversy exceeded $75,000). The Court reaches the same conclusion here. As ambiguities must be construed against removal, Plaintiff's allegation that she seeks no more than $250,000 in damages without sufficient details related to her requested damages is insufficient for the Court to find that the amount in controversy does indeed exceed $75,000. *Le*, 2025 WL 4063858, at *2; ECF No. 1-5 at 3–7.

In such a situation, a defendant may instead offer "summary judgment-type evidence showing that the facts in controversy support a finding of damages in excess of $75,000." *Le*, 2025 WL 4063858, at *3–4. Defendant offered no evidence. *See* ECF No. 1. It instead relies on a calculation of Plaintiff's alleged back pay award—based on an unsubstantiated, unsupported assertion that Plaintiff's hourly wage was "approximately $12.00"—and pointing to the list of damages Plaintiff noted in her petition. *Id.* at 5–6, 6 n.18. As for the first, this unsubstantiated assertion is facially ambiguous, using "approximately" language; it must be construed against

10

removal. *Le*, 2025 WL 4063858, at *2. As for Defendant's second effort to provide evidence of the amount in controversy, it suffers the same flaw as Defendant's attempt to show it is facially apparent: lack of detail for the Court to conclude there is no ambiguity that the amount in controversy does indeed exceed $75,000 such that the amount in controversy must be construed against removal. *Id.*

As the party seeking to invoke federal jurisdiction, Defendant bears the burden of establishing that it exists. *2013 Houston Sunnyside St. v. Duvernay*, No. 4:24-CV-0687, 2024 WL 3030117, at *1 (S.D. Tex. May 21, 2024) (citing *Manguno*, 276 F.3d at 723), *adopted*, No. 4:24-CV-0687, 2024 WL 3029018 (S.D. Tex. June 14, 2024). It fails to do so with respect to the amount in controversy requirement for diversity jurisdiction, because it is not facially apparent from Plaintiff's petition nor does Defendant establish the amount in controversy in an unambiguous manner. *Le*, 2025 WL 4063858, at *2. Therefore, the Court does not have diversity jurisdiction. 28 U.S.C. § 1332(a).

Because the Court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court therefore **RECOMMENDS** that this case be **REMANDED** to the District Court for the 133rd Judicial District of Harris County, Texas.

11

## III.    CONCLUSION

The Court **RECOMMENDS** that the case be **REMANDED** for lack of subject matter jurisdiction.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 20, 2026.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**